BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

FEB 28 1979

In re Cutter Laboratories, Inc.       )
"Braunwald-Cutter" Aortic Heart       )   Docket No. 367
Valve Products Liability Litigation)

OPINION AND ORDER
_____

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, AND CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation presently consists of fifteen actions pending in eleven districts as follows:

| | |
|---|---|
| Northern District of California | 3 actions[1] |
| Eastern District of New York | 2 actions |
| Southern District of New York | 2 actions |
| Northern District of Alabama | 1 action |
| Northern District of Illinois | 1 action |
| District of Kansas | 1 action |
| Eastern District of Michigan | 1 action |
| Western District of Michigan | 1 action |
| Southern District of Mississippi | 1 action |
| Northern District of New York | 1 action |
| Eastern District of North Carolina | 1 action |

Cutter Laboratories, Inc. (Cutter) is the sole named defendant in fourteen of the above actions and is co-defendant with its insurance company in the remaining action. The plaintiffs in each action have all been users or spouses of users of a certain model of prosthetic heart valve marketed, until 1974, by Cutter under the trade name "Braunwald-Cutter." The valve involved in each of these actions was used in the aortic position when implanted into a heart.

---

[1] These actions were originally filed in the Central District of California and were subsequently transferred to the Northern District of California pursuant to 28 U.S.C. §1404(a).

Generally, the plaintiffs in these actions allege that the valve users suffered severe injuries and/or death resulting from defects in the valve that caused the valve to wear out prematurely and to fail when used in the aortic position. Specific injuries alleged include major embolic complications arising from the premature wearing of the heart valve, premature open heart surgery to replace the heart valve or certain of its component parts, and catastrophic poppet (ball) escape from the heart valve cage. Liability against Cutter in each of the fifteen actions is based, <u>inter alia</u>, on theories of negligence in the design, manufacture, testing and sale of the valve; breach of express and implied warranties; and/or strict liability in tort.

Plaintiffs in the Illinois action move the Panel, pursuant to 28 U.S.C. §1407, to transfer the thirteen actions pending in districts other than the Eastern District of New York to that district for coordinated or consolidated pretrial proceedings with the two actions pending there.[2/] Plaintiffs in ten additional actions either join in or support the motion to centralize all actions in the Eastern District

---

[2/] In addition to these fifteen actions, an action in the Western District of Wisconsin had originally been included in the motion to transfer. Trial of that action has been concluded by a judgment in favor of the defendant. Also, the Panel has been informed of five other filed or soon-to-be-filed actions which are allegedly related to the actions in this docket. Plaintiffs in three of these actions have filed amicus pleadings in support of transfer. Because of the Panel's disposition herein, these five actions will be treated as potential tag-along actions. <u>See</u> Rule 10(d), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978).

- 3 -

of New York. Cutter and plaintiffs in the three California actions oppose transfer. Alternatively, if the Panel finds transfer under Section 1407 to be appropriate in this litigation, Cutter favors selection of either the District of Minnesota or the Northern District of Alabama as the transferee forum. Plaintiffs in the California actions, in the event transfer is ordered by the Panel, favor the Northern District of California.

We find that these actions involve common questions of fact and that their centralization under Section 1407 in the Eastern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Cutter argues that common questions of fact will not predominate in this litigation. Cutter urges that discovery on the issue of damages will be unique to each action and that, with respect to the issue of causation, Cutter will seek to establish that valve failure was patient related. Thus Cutter maintains that discovery in each action will focus on the following individual factors: the patient's health and past medical history, the anti-coagulant therapy administered after the valve implant, and local medical practices. Cutter also urges that transfer in this litigation is unnecessary because most of the actions are proceeding

expeditiously towards trial, with discovery completed or nearly completed, and trial dates soon to be set, in several actions. Finally, Cutter and plaintiffs in the California actions argue that voluntary cooperation among the parties, their counsel and the involved courts is a preferable alternative to transfer under Section 1407.

We are persuaded that centralized pretrial proceedings under Section 1407 are appropriate in this litigation. Although we recognize that some individual factual questions will be present in each action, an analysis of the record before us reveals a commonality of factual questions concerning the design, development, manufacture, testing and marketing of the Braunwald-Cutter valve; the state of medical knowledge regarding heart valves; the causal relationship between the use of the Braunwald-Cutter valve in the aortic position and the severe injuries alleged to have resulted therefrom; Cutter's knowledge of the allegedly defective condition of the valve; and the reasons behind Cutter's decision in 1974 to remove the valve from the market. Thus centralization under Section 1407 is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings. Any discovery unique to a particular party, action or claim can be scheduled by the transferee judge to proceed concurrently with the common discovery, thus enhancing the efficient conduct of the litigation. See In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 406 F.Supp. 540, 542 (J.P.M.L. 1975).

While voluntary cooperation among parties and their counsel is always commendable, transfer under Section 1407 will result in the assignment of all actions to a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of the litigation as a whole. See In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F.Supp. 225, 229 (J.P.M.L. 1978).

Some parties have suggested that certain actions are sufficiently advanced to warrant their exclusion from transfer. All actions, of course, are not at the same stage of discovery, but based on the information before us, we conclude that all actions in this litigation will benefit from centralized pretrial proceedings under Section 1407. We observe that if and when an action or claim is, in fact, ready for trial or otherwise ready for remand because the transferee judge finds that the Section 1407 proceedings pertaining to that action or claim are completed, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor court. 28 U.S.C. §1407(a); Rule 11(c)(ii), R.P.J.P.M.L., 78 F.R.D. 561, 569 (1978). See, e.g., In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation, 453 F.Supp. 108 (J.P.M.L. 1978). Also, any discovery heretofore completed in any action may be made applicable to all actions by utilizing the procedures recommended in the Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

Plaintiffs in the California actions favor selection of the Northern District of California as the transferee forum on the ground that many relevant witnesses and documents will be found in that district because Cutter's main offices are located there. Cutter, in urging selection of either the District of Minnesota or the Northern District of Alabama as the transferee forum, maintains that, of the total number of Braunwald-Cutter valve implantations in the United States, nearly 30 percent occurred in the District of Minnesota at either the Mayo Clinic or the University of Minnesota, and nearly 25 percent occurred in the Northern District of Alabama at the University of Alabama. Cutter argues, therefore, that a substantial number of medical witnesses and documents regarding both individual valve implantations and expert opinion about the Braunwald-Cutter valve will be found in those two districts.

Though any of the forums that have been suggested by the parties could be described as an appropriate transferee forum for this litigation, on balance, we are persuaded that the Eastern District of New York is the preferable forum.

Pretrial proceedings in the actions in the Eastern District of New York are relatively advanced in comparison to the status of other actions before the Panel. Counsel in the Eastern District of New York actions has represented to us that he has already assembled massive documentary

materials in that district including all of Cutter's files on the Braunwald-Cutter valve, Food and Drug Administration (FDA) records concerning FDA's investigation of the Braunwald-Cutter valve, and extensive deposition transcripts from Cutter employees, Dr. Nina Braunwald and other expert medical witnesses.

Furthermore, the Honorable Jack B. Weinstein, to whom we are assigning this litigation, has already supervised the trial of three product liability actions that involved the "Wada-Cutter" prosthetic heart valve, another type of heart valve manufactured by Cutter. Proponents of transfer have represented, and no party has refuted, that those three actions shared many complex technical and medical questions with the actions now before us. As a result of the expertise developed by Judge Weinstein from presiding over those three actions, as well as from the Braunwald-Cutter actions now before him, Judge Weinstein will be in the best position to supervise the pretrial proceedings in this litigation toward their just and expeditious termination. See In re Griseofulvin Antitrust Litigation, 375 F. Supp. 1402, 1403 (J.P.M.L. 1975). We note also that a majority of the parties favor selection of the Eastern District of New York as the transferee forum. See In re Wiring Device Antitrust Litigation, 444 F. Supp. 1348, 1351 (J.P.M.L. 1978).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.

§1407, the actions listed on the following Schedule A and pending in districts other than the Eastern District of New York be, and the same hereby are, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Jack B. Weinstein for coordinated or consolidated pretrial proceedings with the actions pending there.

SCHEDULE A                                    MDL-367

### NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| Jo Ann Crabtree v. Cutter Laboratories, Inc. | Civil Action No. 77-P-1472-S |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Carl Glover v. Cutter Laboratories, Inc. | Civil Action No. C79-0242-SW |
| Gary Lynn Wood v. Cutter Laboratories, Inc. | Civil Action No. C79-0242-WHO |
| Hugh Ray Jeter v. Cutter Laboratories, Inc. | Civil Action No. C79-0243-LHB |

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Donald Dodson and Claire Dodson v. Cutter Laboratories, Inc. | Civil Action No. 76-C-3542 |

### DISTRICT OF KANSAS

| | |
|---|---|
| Eunice McFayden v. Cutter Laboratories, Inc. | Civil Action No. 78-2118 |

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Frank Beznos and Gladys Beznos v. Cutter Laboratories, Inc. | Civil Action No. 77-1494 |

### WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Phillip D. Symons and Mildred Symons v. Cutter Laboratories, Inc. | Civil Action No. M-76-79 |

### SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Nancy Sue Young v. Cutter Laboratories, Inc. | Civil Action No. S-78-0042(N) |

Schedule A -- p.2

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Natale P. and Speranza Menna v. Cutter Laboratories, Inc. | Civil Action No. 77-Civ-2361 |
| Tess Scura and Cosmo Scura v. Cutter Laboratories, Inc. | Civil Action No. 77-Civ-2359 |

### NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Calvin DeLorimiere and Shirley DeLorimiere v. Cutter Laboratories, Inc. | Civil Action No. 78-CV-45 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gerald Weintraub and Anne Weintraub v. Cutter Laboratories | Civil Action No. 78-CIV-2789 |
| Max Lesch v. Cutter Laboratories, Inc. | Civil Action No. 78-CIV-1790 |

### EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Dorothy Gibbs and Windley Gibbs v. Travelers Indemnity Co., et al. | Civil Action No. 78-68-CIV-4 |